Darin Lee FRISBIE, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 08–17522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2010.

Filed Feb. 2, 2010.

Lawrence David Rohlfing, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Shea Lita Bond, Special Assistant U.S., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

MEMORANDUM *

Darin Frisbie appeals the district court's judgment affirming the Administrative Law Judge's ("ALJ's") denial of Social Se-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

curity benefits. We review the district court's decision de novo, and we uphold the Social Security Administration's disability determination "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir.2007). We affirm.

Frisbie alleges that he is unable to work because of debilitating pain in his back and legs. The ALJ found that Frisbie had severe impairments that were "capable of causing pain" but found that the medical evidence did not corroborate the degree of pain Frisbie alleged. That finding was supported by substantial evidence, including the reports of examining and treating physicians. The ALJ discredited Frisbie's testimony and concluded that he had the residual functional capacity to perform light work. We agree with the district court that the ALJ gave a "clear and convincing" reason for discrediting Frisbie's testimony. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir.2001).

In response to repeated questioning by the ALJ, Frisbie stated that he had not worked for pay since 2003 when he quit his job as an auto mechanic. This testimony was directly contradicted by Frisbie's own statements to his doctor in 2004 and 2006 regarding his online marketing business. Because Frisbie's allegations of debilitating pain rested on his own testimony, the finding that Frisbie was not credible was fatal to his claim.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.